**KOLLER LAW LLC**
David M. Koller, Esq. (Pa 90119)
Jordan D. Santo, Esq. (Pa 320573)
Haley C. Russell, Esq. (Pa 340361)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com
haley@kollerlawfirm.com

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NICOLETTE SILVERMAN,** | : | **Civil Action No.** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **REACH CYBER CHARTER SCHOOL,** | : | |
| **Defendant.** | : | |

**CIVIL ACTION**

Plaintiff, Nicolette Silverman (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Reach Cyber Charter School (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), Section 1981 of the Civil Rights Act ("Section 1981"), and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
2. Plaintiff is an adult individual residing in Wyncote, PA.
3. Upon information and belief, Defendant Reach Cyber Charter School is a charter school with a location and corporate headquarters located at 1826 Good Hope Road, Enola, PA

17025.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

**JURISDICTION AND VENUE**

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original

jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
12. Plaintiff exhausted her administrative remedies under Title VII, and the PHRA.
13. On or about August 17, 2026, Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging race and sex discrimination as well as retaliation against Defendant.
14. The Charge was assigned a Charge Number 530-2026-09189 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").
15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated August 26, 2026.
16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.
17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter, as it relates to her federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to her PHRA claims.
18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

**MATERIAL FACTS**

**PLAINTIFF'S EMPLOYMENT HISTORY**

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff is an African American female.

21. In August 2021, Defendant hired Plaintiff in the position of Manager of Career Experiences.

22. Plaintiff was well qualified for her position and performed well.

**PLAINTIFF'S SUPERVISOR REPEATEDLY TOLD PLAINTIFF THAT HE EXPECTED AFRICAN AMERICAN EMPLOYEES TO PROTECT ONE ANOTHER**

23. Throughout her employment, Jordann Smith (African American male), Director of Careers and Belonging and Plaintiff's direct supervisor, communicated to Plaintiff on multiple occasions his belief that African American employees, particularly those in management, had a professional and personal obligation to protect one another in the workplace.

24. Smith articulated this ideology explicitly and repeatedly, framing race solidarity among African American colleagues as an imperative that he considered binding.

**SMITH RETALIATED AGAINST PLAINTIFF AFTER HE BELIEVED THAT SHE DID NOT PRACTICE RACIAL SOLIDARITY**

25. In or around April 2025, a workplace situation arose that Smith perceived to be inconsistent with his racial loyalty framework.

26. Smith communicated to Plaintiff that he felt betrayed and thereafter his treatment of her changed abruptly and materially.

27. Smith became cold and clinical, treating Plaintiff with hostility in meetings and communication, whereas before he had been collegial and professional in their working relationship.

28. Smith overly scrutinized Plaintiff's work product, micromanaged her work and framed ordinary professional behaviors as misconduct.

29. For example, Smith characterized Plaintiff following up after a meeting he had cancelled ten (10) minutes before its scheduled start time as "undermining behavior".

**PLAINTIFF COMPLAINED TO HUMAN RESOURCES ABOUT SMITH'S DISCRIMINATORY AND RETALIATORY CONDUCT**

30. On or about August 25, 2025, Plaintiff complained to Michael Garman (male), Human Resources Director, via Teams Instant Messenger about Smith's discriminatory and retaliatory conduct.

31. However, Garman's response was dismissive and inadequate.

32. Garman informed Plaintiff that Human Resources could not identify evidence of any problem and instructed her to continue to perform her job duties.

33. Upon information and belief, Human Resources did not conduct a proper investigation into Plaintiff's complaint.

34. Smith's discriminatory and retaliatory conduct towards Plaintiff continued.

**DEFENDANT TERMINATED PLAINTIFF**

35. On March 16, 2026, Defendant terminated Plaintiff for allegedly following up five (5) days after a meeting and failing to collaborate with Defendant's social media teams.

36. The stated reasons for Plaintiff's termination are pretext.

37. Plaintiff had advised during the meeting that she needed to gather additional information before she could provide a complete response, and that she would follow up once that inquiry was complete.

38. Plaintiff followed up with the meeting's participants once she was able to provide a complete response.

39. In addition, Plaintiff had met with Defendant's social media teams earlier that year, but the social media teams had cancelled the two (2) follow up meetings as they claimed that they already had all the information that Plaintiff would have provided.

40. Importantly, Defendant had not issued Plaintiff any disciplines prior to her termination.

41. Defendant discriminated against Plaintiff due to her race and sex and retaliated against her for reporting the aforementioned discrimination in violation of Title VII and the PHRA.

42. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

**COUNT I – RACE DISCRIMINATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

43. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

44. Plaintiff is a member of protected classes in that she is African American.

45. Plaintiff was qualified to perform the job for which she was hired.

46. Plaintiff suffered adverse job actions, including, but not limited to termination.

47. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

48. Defendant discriminated against Plaintiff on the basis of her protected class.

49. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

50. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

51. Defendant's conduct was willful or performed with reckless disregard to her federal statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT II – DISCRIMINATION BASED ON RACE**
**PENNSYLVANIA HUMAN RELATIONS ACT**

52. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
53. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her protected class (African American).
54. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT III – RACE DISCRIMINATION**
**SECTION 1981 OF THE CIVIL RIGHTS ACT**

55. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
56. Plaintiff is African American.
57. Plaintiff was qualified to perform the job for which she was hired.
58. Plaintiff suffered adverse job actions, including, but not limited to termination.
59. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.
60. Defendant intentionally discriminated against Plaintiff on the basis of her race.
61. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.
62. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

63. Defendant's conduct was willful or performed with reckless disregard to her federal statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT IV – SEX DISCRIMINATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

64. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
65. Plaintiff is a member of protected classes in that she is female.
66. Plaintiff was qualified to perform the job for which she was hired.
67. Plaintiff suffered adverse job actions, including, but not limited to termination.
68. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.
69. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.
70. Defendant discriminated against Plaintiff on the basis of her protected class.
71. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.
72. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.
73. Defendant's conduct was willful or performed with reckless disregard to her federal statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT V – DISCRIMINATION BASED ON SEX
## PENNSYLVANIA HUMAN RELATIONS ACT

74. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
75. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her protected class (female).
76. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VI – RETALIATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

77. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.
78. Plaintiff engaged in activity protected by Title VII.
79. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.
80. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.
81. Defendant's conduct/omission was willful or done with reckless disregard to Plaintiff's federally protected statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT VII – RETALIATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

82. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

83. Plaintiff engaged in activity protected by the PHRA.

84. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

85. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT VIII – RETALIATION**
**SECTION 1981 OF THE CIVIL RIGHTS ACT**

86. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

87. Plaintiff engaged in activity protected by Section 1981.

88. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

89. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

90. Defendant's conduct/omission was willful or done with reckless disregard to Plaintiff's federally protected statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Nicolette Silverman, requests that the Court grant her the following relief against Defendant:

(a) Damages for past and future wage loss;

(b) Compensatory damages for other economic and non-economic harm including, *inter alia*, mental anguish and/or emotional distress;

(c) Punitive damages;

(d) Reasonable attorneys' fees;

(e) Recoverable costs;

(f) Pre and post judgment interest;

(g) An allowance to compensate for negative tax consequences of a lump sum award in a single tax year;

(h) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(i) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

**KOLLER LAW, LLC**

Date: November 24, 2026

**By:** ***/s/David M. Koller***

David M. Koller, Esquire
Jordan D. Santo, Esquire
Haley C. Russell, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: 215-545-8917
F: 215-575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com
haley@kollerlawfirm.com

*Counsel for Plaintiff*